# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| GREGORY CHARLES WRIGHT, Register No. 87229, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 07-4122-CV-C-NKL ) |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) |

## REPORT, RECOMMENDATION AND ORDER

In June 2007, plaintiff Gregory Charles Wright filed suit under 42 U.S.C. § 1983 alleging that defendant Mary Green, the records clerk at Central Missouri Correctional Center, made a file entry which resulted in his remaining incarcerated for an additional 54 days. He claims this was a violation of his constitutional rights. In addition to Mary Green, he named the Missouri Department of Corrections and ten John Does as defendants.

On October 19, 2007, the Missouri Department of Corrections and Mary Green filed a motion to dismiss for plaintiff's failure to exhaust administrative remedies and for his failure to state a claim against them.[1] Plaintiff responded in opposition to the motion, and also requested leave to amend his complaint. Defendants do not object to amendment of the complaint if the amendment is to clarify that the individual defendants are sued in their official and individual capacities. If plaintiff intended to amend his complaint in other ways, he should submit a new motion for leave to amend and attach a proposed amended complaint for review by the court.

Initially, defendants seek dismissal of the complaint for plaintiff's failure to exhaust his administrative remedies. Plaintiff responded he was released from the institution within one day of being informed that a mistake had been made and was being corrected. Defendants

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

replied that plaintiff first believed a mistake had been made several months before his release and that he should have filed a grievance at that time. They claim his informal inquiry and acceptance of the answer he was given did not excuse him from filing a grievance.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Although the result appears harsh, the statute requires exhaustion prior to filing suit in federal court when administrative remedies are available, and the court does not have discretion to make exceptions. Plaintiff knew his release date had been changed and he made written inquiries about it nearly two months prior to his release. He could have submitted the appropriate grievance forms at that time and thereby exhausted his administrative remedies.

Defendants also request dismissal for plaintiff's failure to state a claim against them.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in

2

the light most favorable to the plaintiff.  Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

The Missouri Department of Corrections asserts it is not a person for purposes of 42 U.S.C. § 1983.  The Missouri Department of Corrections, as an entity of the State of Missouri, is not a person within the meaning of the Civil Rights Act, 42 U.S.C. § 1983.  See Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986).

The Department also has Eleventh Amendment immunity and is not subject to an action for damages or equitable relief.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).

Defendant Green also seeks dismissal of the claims against her in her official capacity. Based on the Eleventh Amendment, damages are not recoverable against the State, the Department of Corrections or state officials acting in their official capacities.  Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989).  Thus, plaintiff's claims against defendant Green in her official capacity should be dismissed.

Upon review of the record, the court notes that certain defendants are listed as "John Doe."  Generally, the use of "John Doe" defendants is not permitted in federal practice.  Iseley v. Bucks County, 549 F. Supp. 160, 163 n.3 (E.D. Pa. 1982); Rosenthal v. State of Nevada, 514 F. Supp. 907, 914 (D. Nev. 1981); Breslin v. City & County of Philadelphia, 92 F.R.D. 764, 765 (E.D. Pa. 1981); Joel v. Various John Does, 499 F. Supp. 791, 792 (D. Wis. 1980); United States, ex rel. Davis v. Long's Drugs, Inc., 411 F. Supp. 1144, 1153 (S.D. Cal. 1976); M.J. Brock & Sons, Inc. v. City of Davis, 401 F. Supp. 354, 357 (N.D. Cal. 1975). In some instances, however, the use of "John Doe" defendants has been permitted where the identity of the alleged defendants is not known prior to the filing of the complaint, but may be determined through pretrial discovery.  See Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980); Productions & Leasing v. Hotel Conquistador, Inc., 573 F. Supp. 717, 725 (D. Nev. 1982).

IT IS, THEREFORE, ORDERED that if this case is not dismissed for failure to exhaust administrative remedies, then within twenty days after the district court's order ruling

3

the motion to dismiss, plaintiff supply the clerk of court, in writing, with the names of the "John Doe" defendants and addresses at which they may be served.  It is further

ORDERED within twenty days after plaintiff has supplied such names and addresses, the Attorney General notify the court, in writing, for which defendants he will and will not waive service of process.  It is further

ORDERED that plaintiff is granted leave to amend his complaint to clarify that his claims against the individual defendants are brought in their official and individual capacities. [14]  It is further

RECOMMENDED that defendants' motion of October 19, 2007, to dismiss all of plaintiff's claims for his failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e, be granted.  [12]  It is further

RECOMMENDED that defendants' motion of October 19, 2007, to dismiss all claims against the Missouri Department of Corrections, and the official capacity claims against defendant Green, be granted.  [12]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 13th day of March, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4