IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

GREGORY CHARLES WRIGHT, )
Register No. 87229, )
 )
                Plaintiff, )
 )
              v. )    No. 07-4122-CV-C-NKL
 )
MISSOURI DEPARTMENT OF )
CORRECTIONS, et al., )
 )
              Defendants. )

**ORDER**

    On March 13, 2008, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims for failure to exhaust administrative remedies[1] and because some are barred by the Eleventh Amendment. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

    The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on April 3, 2008. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. Plaintiff knew Mary Green changed an entry in his records that affected his release date, and he chose to make informal inquiries and to accept the responses rather than file a grievance. Plaintiff knew of the change several months before his release and he had an opportunity to exhaust his administrative remedies while still in the Missouri prison system.

    Additionally, the Missouri Department of Corrections is not a person subject to suit under 42 U.S.C. § 1983. See <u>Harris v. Missouri Court of Appeals, Western Dist.</u>, 787 F.2d

---

[1] Plaintiff was incarcerated at the Leavenworth Detention Center in Leavenworth, Kansas, when he filed suit; thus, he was a prisoner, as defined by 42 U.S.C. § 1997e(h), and subject to the exhaustion requirement even though he had been released from the Missouri prison system.

427, 429 (8th Cir. 1986), cert. denied, 479 U.S. 851 (1986). It also has Eleventh Amendment immunity. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).

Based upon the Eleventh Amendment, state officials acting in their official capacities are not liable for damages, Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989), and plaintiff's official capacity claims against defendant Green are barred.

Thus, the court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of March 13, 2008, is adopted. [20] It is further

ORDERED that defendants' motion of October 19, 2007, to dismiss all claims against the Missouri Department of Corrections, and the official capacity claims against defendant Green, for failure to state a claim is granted. [12] It is further

ORDERED that plaintiff's remaining claims are dismissed, without prejudice, for failure to exhaust his administrative remedies, pursuant to the provisions of 42 U.S.C. § 1997e. [12]

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: May 20, 2008
Jefferson City, Missouri